UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ANA PAVLOSKA,

                            Plaintiff,

    -against-

                            **ANSWER**
                            Case No.: 24-CV-6882

IHMS, LLC d/b/a The Pierre Hotel,,

                            Defendants.
------------------------------------------------------------------------x

      Defendant IHMS, through its attorneys Herbert Smith Freehills LLP, answers the Complaint as follows:

1. Denies the allegations in Paragraph 1, except admits that the referenced website describes the hotel.

2. Denies the allegations in Paragraph 2.

3. Denies the allegations in Paragraph 3.

4. Denies the allegations in Paragraph 4.

5. Denies the allegations in Paragraph 5.

6. Denies the allegations in Paragraph 6.

7. Denies the allegations in Paragraph 7.

8. Denies the allegations in Paragraph 8, except admits that Plaintiff asserts certain claims and avers that they are without merit.

9. States that Paragraph 9 calls for a legal conclusion to which no response is required.

10. States that Paragraph 10 calls for a legal conclusion to which no response is required.

11. Denies the allegations in Paragraph 11, except admits that IHMS LLC operates the Pierre Hotel located at the referenced address, and the Pierre is one of IHCL's hotels.

12. Admits the allegations in Paragraph 12.

13. Denies the allegations in Paragraph 13, except admits that there are privately owned co-op apartments in the same building as the Pierre Hotel, and avers that IHMS provides certain managerial services to the co-op apartments.

14. Denies the allegations in Paragraph 14, except admits that Plaintiff is and was employed by the hotel and that she assumed the referenced position in or about July 2023.

15. Denies the allegations in Paragraph 15, except admits that Pavloska was an assistant front desk manager, front desk manager and then a guest relations manager and that she performed certain of her assigned functions well.

16. Denies the allegations in Paragraph 16, except admits that Plaintiff performed certain of her assigned functions well, and denies knowledge or information sufficient to form a belief as to Plaintiff's alleged state of mind.

17. Denies the allegations in Paragraph 17.

18. Denies the allegations in Paragraph 18, except admits that Piccolo is the Director of Security and that he oversees security.

19. Denies the allegations in Paragraph 19.

20. Denies the allegations in Paragraph 20.

21. Denies the allegations in Paragraph 21, except denies knowledge or information sufficient to form a belief as to Plaintiff's alleged mental state at any time.

22. Denies the allegations in Paragraph 22.

23. Denies the allegations in Paragraph 23.

24. Denies the allegations in Paragraph 24.

25. Denies the allegations in Paragraph 25, except denies knowledge or information sufficient to form a belief as to Plaintiff's alleged mental state at any time.

26. Denies the allegations in Paragraph 26.

27. Denies the allegations in Paragraph 27, except denies knowledge or information sufficient to form a belief as to what an unidentified third-party allegedly said about Plaintiff.

28. Denies the allegations in Paragraph 28.

29. Denies the allegations in Paragraph 29, except denies knowledge or information sufficient to form a belief as to Plaintiff's alleged mental state at any time.

30. Denies the allegations in Paragraph 30, except denies knowledge or information sufficient to form a belief as to what any person believes he/she "knows."

31. Denies the allegations in Paragraph 31, except denies knowledge or information sufficient to form a belief as to what any third-party allegedly said to another third-party.

32. Denies the allegations in Paragraph 32, except denies knowledge or information sufficient to form a belief as to what any third parties said or did or what Plaintiff seems to believe she knows.

33. Denies the allegations in Paragraph 33, except denies knowledge or information sufficient to form a belief as to Plaintiff's alleged mental state at any time.

34. Denies the allegations in Paragraph 34, except denies knowledge or information sufficient to form a belief as to what any third party allegedly said to another third party and as to Plaintiff's alleged mental state at any time.

35. Denies the allegations in Paragraph 35, except admits that a third party informed Plaintiff that he had received certain photos from a hotel employee.

36. Denies the allegations in Paragraph 36, except denies knowledge or information sufficient to form a belief as to Plaintiff's alleged mental state at any time and avers that appropriate action was taken in response to Plaintiff's report.

37. Denies the allegations in Paragraph 37, except denies knowledge or information sufficient to form a belief as to what a third party allegedly said.

38. Denies the allegations in Paragraph 38.

39. Denies the allegations in Paragraph 39, except avers that the matter was properly handled by security.

40. Denies the allegations in Paragraph 40.

41. Denies the allegations in Paragraph 41 and avers that Plaintiff apparently photographed an employee who was properly in the uniform room partially undressed and that the uniform room is a common area frequented by many employees at any given time.

42. Denies the allegations in Paragraph 42.

43. Denies the allegations in Paragraph 43.

44. Denies the allegations in Paragraph 44, except denies knowledge or information sufficient to form a belief as to Plaintiff's mental state at any time.

45. Denies the allegations in Paragraph 45, except denies knowledge or information sufficient to form a belief as to what Plaintiff or an unidentified third party allegedly said to anyone.

46. Denies the allegations in Paragraph 46.

47. Denies the allegations in Paragraph 47, except admits that Plaintiff met with Prabhat Verma, and denies knowledge or information sufficient to form a belief as to Plaintiff's mental state at any time.

48. Denies the allegations in Paragraph 48.

49. Denies the allegations in Paragraph 49.

50. Denies the allegations in Paragraph 50.

51. Denies the allegations in Paragraph 51, except admits that Plaintiff's boss instructed her to put her "fucking phone" down during a group meeting where she was supposed to be paying attention.

52. Denies the allegations in Paragraph 52.

53. Denies the allegations in Paragraph 53, except denies knowledge or information about what Plaintiff allegedly "heard" from unidentified third parties.

54. Denies the allegations in Paragraph 54.

55. Denies the allegations in Paragraph 55.

56. Denies the allegations in Paragraph 56, and avers that other employees made complaints to Human Resources about Plaintiff's rude, unprofessional and abusive treatment of them and that Human Resources properly conducted an investigation.

57. Denies the allegations in Paragraph 57, except admits that Human Resources scheduled a meeting with Plaintiff on or about June 13 as part of its investigation of her colleagues' complaints about her.

58. Denies the allegations in Paragraph 58, except admits that Plaintiff met with Abnash Kumar at her request.

59. Denies the allegations in Paragraph 59, except admits that Plaintiff met with Karambir Kang on or about June 12.

60. Denies the allegations in Paragraph 60, except denies knowledge or information sufficient to form a belief as to Plaintiff's alleged state of mind.

61. Denies the allegations in Paragraph 61, except admits that Pavloska was told to be away from the premises until her scheduled meeting with Human Resources.

62. Denies the allegations in Paragraph 62, except admits that Plaintiff denied the allegations that her colleagues brought against her to Human Resources.

63. Denies the allegations in Paragraph 63 and avers that Plaintiff became so agitated during the investigation meeting that Human Resources told her she could go home pending conclusion of the investigation and that Plaintiff was paid for the entire time she was away from work.

64. Denies the allegations in Paragraph 64, except admits that on or about June 28, 2024, Plaintiff's lawyer contacted certain individuals and presented a draft complaint.

65. Denies the allegations in Paragraph 65.

66. Denies the allegations in Paragraph 66.

67. Denies the allegations in Paragraph 67, except denies knowledge or information sufficient to form a belief as to Plaintiff's state of mind.

68. Denies the allegations in Paragraph 68, except admits that Defendant had informed Plaintiff the prior week that she should return on August 5 and that Plaintiff said she did not receive the email or the hand delivery despite her doorperson signing for receipt.

69. Admits the allegation in Paragraph 69 that Defendant did not contact Plaintiff by telephone to tell her to return to work.

70. Denies the allegations in Paragraph 70, except admits that counsel did not discuss Plaintiff's return to work.

71. Denies the allegations in Paragraph 71.

72. Denies the allegations in Paragraph 72, except denies knowledge or information sufficient to form a belief as to Plaintiff's alleged state of mind and avers that Plaintiff never reported to Piccolo.

73. Denies the allegations in Paragraph 73, except denies knowledge or information sufficient to form a belief as to Plaintiff's conversation with "her providers," and admits that Plaintiff requested FMLA leave.

74. Denies the allegations in Paragraph 74, except denies knowledge or information sufficient to form a belief as to what her "medical providers" allegedly "determined."

75. Admits the allegations in Paragraph 75.

76. Denies the allegations in Paragraph 76.

77. Denies the allegations in Paragraph 77.

78. Denies the allegations in Paragraph 78.

79. Denies the allegations in Paragraph 79.

80. Denies the allegations in Paragraph 80.

81. In response to Paragraph 81, Defendant reasserts and realleges its responses to the preceding enumerated paragraphs as if fully set forth herein.

82. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 82.

83. Denies the allegations in Paragraph 83.

84. Denies the allegations in Paragraph 84.

85. Denies the allegations in Paragraph 85.

86. Denies the allegations in Paragraph 86.

87. Denies the allegations in Paragraph 87.

88. In response to Paragraph 88, Defendant restates and realleges its responses to the preceding enumerated paragraphs as if fully set forth herein.

89. Denies the allegations in Paragraph 89.

90. Denies the allegations in Paragraph 90.

91. Denies the allegations in Paragraph 91.

92. Denies the allegations in Paragraph 92.

93. Denies the allegations in Paragraph 93.

94. In response to Paragraph 94, Defendant restates and realleges its responses to the preceding enumerated paragraphs as if fully set forth herein.

95. Denies the allegations in Paragraph 95.

96. Denies the allegations in Paragraph 96.

97. Denies the allegations in Paragraph 97.

98. Denies the allegations in Paragraph 98.

99. Denies the allegations in Paragraph 99.

100. In response to Paragraph 100, Defendant restates and realleges its responses to the preceding enumerated paragraphs as if fully set forth herein.

101. Denies the allegations in Paragraph 101.

102. Denies the allegations in Paragraph 102.

103. Denies the allegations in Paragraph 103.

104. Denies the allegations in Paragraph 104.

105. Denies the allegations in Paragraph 105.

106. In response to Paragraph 106, Defendant restates and realleges its responses to the preceding enumerated paragraphs as if fully set forth herein.

107. Denies the allegations in Paragraph 107.

108. Denies the allegations in Paragraph 108.

109. Denies the allegations in Paragraph 109.

110. Denies the allegations in Paragraph 110.

111. Denies the allegations in Paragraph 111.

112. In response to Paragraph 112, Defendant restates and realleges its responses to the preceding enumerated paragraphs as if fully set forth herein.

113. Denies the allegations in Paragraph 113.

114. Denies the allegations in Paragraph 114.

115. Denies the allegations in Paragraph 115.

116. Denies the allegations in Paragraph 116.

117. Denies the allegations in Paragraph 117.

118. In response to Paragraph 118, Defendant restates and realleges its responses to the preceding enumerated paragraphs as if fully set forth herein.

119. Denies the allegations in Paragraph 119.

120. Denies the allegations in Paragraph 120.

121. Denies the allegations in Paragraph 121.

122. Denies the allegations in Paragraph 122.

123. Denies the allegations in Paragraph 123.

124. In response to Paragraph 124, Defendant restates and realleges its responses to the preceding enumerated paragraphs as if fully set forth herein.

125. Denies the allegations in Paragraph 125, except admits that Piccolo is employed by Defendant and avers that Piccolo had no supervisory relationship with Plaintiff at any time and that Plaintiff was always able to bring any concerns to Human Resources or to any member of management.

126. Denies the allegations in Paragraph 126.

127. Denies the allegations in Paragraph 127.

128. Denies the allegations in Paragraph 128.

129. Denies the allegations in Paragraph 129.

130. Denies the allegations in Paragraph 130.

131. In response to Paragraph 131, Defendant restates and realleges its responses to the preceding enumerated paragraphs as if fully set forth herein.

132. Denies the allegations in Paragraph 132, except admits that Piccolo is employed by Defendant and avers that Piccolo had no supervisory relationship with Plaintiff at any time and that Plaintiff was always able to bring any concerns to Human Resources or to any member of management.

133. Denies the allegations in Paragraph 133.

134. Denies the allegations in Paragraph 134.

135. Denies the allegations in Paragraph 135.

136. Denies the allegations in Paragraph 136.

137. Denies the allegations in Paragraph 137.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiff's claims are barred, in whole or in part, because she failed to exhaust any and all administrative remedies.

4. Plaintiff's claims are barred, in whole or in part, because Defendant based all actions with regard to Plaintiff on legitimate, non-discriminatory, and non-retaliatory reasons.

5. Plaintiff's claims are barred, in whole or in part, because at all times Defendant acted in good faith and did not violate any rights which may be secured to Plaintiff under any federal, state or local law.

6. Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer any damages attributable to any allegedly wrongful conduct of Defendant, and/or any damages or injuries were caused by Plaintiff's own conduct.

7. Plaintiff's claims are barred, in whole or in part, because Plaintiff fabricated the allegations in her Complaint, in whole or in part, to distract from the complaints made against her by her colleagues.

8. Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory and/or retaliatory behavior.

9. Plaintiff's claims are barred, in whole or in part, because Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

10. Plaintiff's claims are barred, in whole or in part, because she cannot show she was treated less well than any other employees because of her sex, religion or because she engaged in protected activity.

11. Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot prove that Defendant knew or should have known of any alleged discriminatory or retaliatory treatment of the Plaintiff, that Defendant acquiesced in any such alleged treatment,

and/or that Defendant failed to take appropriate remedial action to prevent any such alleged treatment.

12. Plaintiff's claims are barred, in whole or in part, because no tangible or material adverse employment action was taken against Plaintiff.

13. Plaintiff's claims are barred, in whole or in part, because Defendant acted in good faith and without any discriminatory and/or retaliatory motive, intent, malice, or reckless disregard for Plaintiff's rights.

14. Plaintiff's claims are barred, in whole or in part, as Plaintiff's claims against the Defendant for injury are barred by the exclusivity provisions of the New York State Worker's Compensation Law.

15. Plaintiff's claims are barred, in whole or in part, because any claims of assault or battery are outside the scope of employment.

16. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate her alleged damages.

17. Plaintiff is not entitled to attorneys' fees or punitive damages.

18. Plaintiff's claims are barred, in whole or in part, by the after-acquired evidence doctrine.

19. Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, accord and satisfaction, waiver, estoppel and/or Plaintiff's own inequitable conduct.

20. In addition to the foregoing defenses, Defendant reserves the right to amend its Answer to the Complaint to raise any and all additional affirmative and other defenses that may become evident during discovery and/or any other proceeding in this action, or to pursue any available counterclaims against Plaintiff, as those claims become known during this litigation.

Respectfully submitted,

/s/Barbara M. Roth
Barbara M. Roth
Tyler T. Hendry
Herbert Smith Freehills NY LLP
200 Park Avenue
New York, NY 10166
917-542-7858