**JOSEPH & KIRSCHENBAUM LLP**
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-981-9587
www.jk-llp.com

March 28, 2025

**Via ECF**

Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pear Street, Room 1320
New York, New York 10007

Re:   *Pavloska v. IHMS LLC d/b/a The Pierre Hotel* – No. 24-cv-6882

Dear Judge Cronan:

We represent Plaintiff Ana Pavloska in the above-referenced employment discrimination and retaliation action.[1] I write pursuant to your Honor's Individual Rule 5(C) to request that the Court order Defendant to produce the discovery detailed below on or before April 18.

## Background

Plaintiff was a Guest Relations Manager at the Pierre Hotel ("Pierre"), which is operated by Defendant. The Pierre's building is owned by a Cooperative (the "Co-op"), and Defendant contracts with the Co-op to manage both the hotel and private apartments in the building. Plaintiff alleges that she was sexually harassed and abused by, primarily, Defendant's Head of Security. Plaintiff also alleges that she witnessed the Head of Security trespass, and brag about trespassing, in the building's private apartments to have sex with multiple women, and that the Housekeeping Supervisor sent unsolicited naked photos of himself to a guest who complained to Plaintiff. Plaintiff alleges that she complained to multiple executives and managers about these incidents and that Defendant retaliated against her by, *inter alia*, putting her on leave. Defendant asserts that it put Plaintiff on leave because of complaints from co-workers that Plaintiff was criticizing their professional attire and behavior. However, Plaintiff maintains that Defendant instructed her to monitor other employees' attire behavior in order to maintain the hotel's five star rating with Forbes after a negative review. Ultimately, Defendant constructively discharged Plaintiff.

---

[1] Plaintiff brings claims under Title VII of the Civil Rights Act; the New York State Human Rights Law; the New York City Human Rights Law; N.Y. Lab. Law § 740; and common law claims for sexual assault, assault, and battery.

1

Plaintiff served discovery requests on November 1 and December 19, 2024 to which Defendant responded without producing documents on December 2, 2024 and January 21, 2025.[2] On January 31, 2025, the parties agreed on ESI search terms that Defendant would use, and on February 7, 2025, Defendant produced certain non-ESI documents. The parties met and conferred via telephone on March 18 and 26, 2025 about the disputes now in issue. At that time, Defendant maintained certain objections and represented to Plaintiff that it was reviewing the ESI search results for responsive documents and would "aim" to produce such documents, and other agreed upon non-ESI documents, by April 18, with a privilege log by May 2. Plaintiff requests that the Court order Defendant to produce all responsive documents, including the documents identified herein, by April 18 and a privilege log by May 2.

## Disputed Documents

*Previous Sexual Harassment Complaints*: Plaintiff seeks all documents and communications concerning sexual harassment complaints made to Defendant from January 1, 2020 to September 2024.[3] (RFP No. 35). Documents regarding such complaints are highly relevant, regardless of who was accused of harassment. First, these documents relate to Defendant's pattern and practice in investigating and responding to complaints that are similar to Plaintiff's. In light of Plaintiff's allegations that Defendant did not investigate her complaints, and, in fact, still employs the two individuals she complained about, Defendant's past practices in response to allegations of sexual harassment are plainly relevant to whether Defendant retaliated against Plaintiff, created a hostile work environment, and constructively discharged her. *See*, *e.g.*, *Milan v. Sprint Corp.*, No. 16 CV 4451, 2018 U.S. Dist. LEXIS 59170, at *3, 7 (E.D.N.Y. Apr. 6, 2018) (ordering production of documents related to all previous sexual harassment complaints within a geographic area). Furthermore, Plaintiff alleges that when she complained to her direct supervisors, no one took her complaints seriously, and this dissuaded her from continuing to raise the issues with them. Defendant's response to previous sexual harassment allegations is plainly relevant to whether Plaintiff's complaints were ignored or brushed aside. These documents also relate to Defendant's culpability, and, thus, punitive damages, and to Defendant's affirmative defenses that, *inter alia*, it acted in good faith, it exercised reasonable care to prevent and correct discriminatory behavior, and Plaintiff failed to take advantage of preventative or corrective opportunities. *Milan*, 2018 U.S. Dist. LEXIS 59170, at *7. Finally, Plaintiff limits this request to the last few years of Plaintiff's employment, which is a reasonable and limited time frame that does not create an undue burden or constitute a fishing expedition. *See e.g. O'Rear v. Diaz*, Case No. 24 Civ. 1669, 2024 U.S. Dist. LEXIS 216443, at *2-4 (S.D.N.Y. Nov. 27, 2024) (ordering previous sexual harassment complaints produced from 2 years before Plaintiff's employment began through the end of Plaintiff's employment).

*Forbes Documents*: Plaintiff seeks documents and communications related to Forbes's 2023 and 2024 reviews and ratings of the Pierre. (RFP Nos. 50-51, 53). These documents are central to whether Defendant's stated rationale for placing Plaintiff on leave was pretextual. Defendant claims it put Plaintiff on leave because of co-workers' complaints about Plaintiff reporting on their

---

[2] Attached as Exhibit A are Defendant's Responses and Objections to Plaintiff's First and Second Requests for the Production of Documents. Attached as Exhibit B is Defendant's Responses and Objections to Plaintiff's First Set of Interrogatories.
[3] Plaintiff has narrowed the time period for which it seeks these documents from the period in her original requests.

2

professional attire and conduct. However, Plaintiff claims her managers instructed her to do just that because the Pierre had recently received a bad review from Forbes that could jeopardize the hotel's five star rating, and Defendant expected another Forbes reviewer to visit the hotel. Documents relating to the Forbes's 2023 and 2024 reviews are directly relevant to these contentions and should be produced.

*Policies Regarding Employee Complaints*: Plaintiff seeks documents concerning Defendant's policies, practices, and procedures regarding employee complaints. (RFP No. 39). Defendant has agreed to produce documents related to its policies for harassment and retaliation complaints only. This is insufficient. There are other types of "relevant" complaints in this action, such as employees' general complaints about co-workers, which Defendant identified as the reason it placed Plaintiff on leave. Thus, whether Defendant followed its own procedures in handling those alleged complaints are relevant to whether Defendant's stated rationale was pretextual.

*Co-op Agreements*: Plaintiff seeks all contracts and agreements concerning Defendant's role as to the Co-op apartments in the Pierre's building. (RFP No. 42). These documents are relevant because Plaintiff contends that one reason Defendant swept her complaints under the rug was to maintain its relationship with the Co-op. Indeed, one of Defendant's executives told Plaintiff not to tell anyone about her allegations because it would harm the relationship with the Co-op. Documents related to this relationship are thus probative of the veracity of Plaintiff's allegations.

## Discovery Defendant Has Agreed To Produce

During the meet and confer process, Defendant agreed to produce the documents and information listed below. However, as Defendant has not agreed to a firm production deadline, we respectfully request that the Court order Defendant produce the following by April 18: **(1)** all responsive documents obtained from the ESI search of the parties' agreed search terms; **(2)** Plaintiff's payroll documents and W-2 forms from 2022 to present (RFP No. 2); **(3)** all documents and communications regarding Plaintiff's leave of absence in the summer of 2024 and Defendant's decision to place Plaintiff on leave (RFP Nos. 13, 21, 33); **(4)** an amended response to Interrogatory No. 1 providing identities of all individuals with knowledge of Defendant's reason for placing Plaintiff on leave; **(5)** all documents in the personnel files of the Head of Security and the Housekeeping Supervisor reflecting their job duties, complaints made against them, investigations, disciplinary actions, training records, and policies they received (RFP Nos. 24 and 25); **(6)** all documents related to complaints Plaintiff made to Defendant and Defendant's response, including but not limited to HR reports, notes, and communications between Defendant and the Co-op related to this lawsuit (RFP Nos. 3-5, 54); **(7)** documents reflecting Defendant's organizational structure (RFP Nos. 8, 57, 58); **(8)** a financial affidavit attesting to Defendant's annual revenue from 2022 to 2024 (RFP No. 41); **(9)** documents reflecting Defendant's knowledge of the relevant anti-discrimination and anti-harassment laws (RFP No. 36); **(10)** documents reflecting Defendant's document retention policy (RFP No. 46); **(11)** all documents regarding hiring for guest relations positions at the Pierre from June to December 2024 (RFP Nos. 22, 61); **(12)** sexual harassment policies from 2019 to present (RFP No. 37); and **(13)** documents and communications regarding Defendant's front desk employee dress code policies (RFP No. 52).

We respectfully thank the Court for its consideration of this matter.

Respectfully Submitted,

/s/*Michael DiGiulio*
Michael DiGiulio
JOSEPH & KIRSCHENBAUM, LLP
32 Broadway, Suite 601
New York, NY 10004

*Attorney for Plaintiff*

Counsel for both parties shall appear before the undersigned on April 7, 2025 at 11:00 a.m. for a teleconference to discuss the outstanding discovery disputes.  At that time, counsel should call (855) 244-8681, access code 2302 755 2307.  The Clerk of Court is respectfully directed to close Docket Number 32.

SO ORDERED.
Date: April 3, 2025
New York, New York

JOHN P. CRONAN
United States District Judge

4